# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAMELA JONES, Individually,<br>and as Executor of the Estate of<br>THOMAS JONES, deceased<br>9355 Sebelius Drive<br>Vienna, Virginia 22182 | * <br><br>* <br><br>* |
| and | * |
| MADISON JONES<br>1200 Q Street, Apt. 1<br>Sacramento, California 95811 | *   Case No.:_____<br><br>* |
| and | * |
| KEN JONES<br>302 Copperline Drive, Apt. C<br>Chapel Hill, North Carolina 27516 | * <br><br>* |
| and | * |
| RUTH JONES<br>302 Copperline Drive, Apt. C<br>Chapel Hill, North Carolina 27516 | * <br><br>* |
| Plaintiffs | * |
| v. | * |
| UNITED STATES OF AMERICA | * |
| **Serve on:** Jonathan Lenzner<br>Acting U.S. Attorney for the<br>District of Maryland<br>36 S. Charles Street, 4th Floor<br>Baltimore, Maryland 21201 | * <br><br>* <br><br>* |
| and | * |
| Merrick Garland<br>Attorney General<br>of the United States<br>Department of Justice<br>950 Pennsylvania Ave., NW<br>Room 5111 | * <br><br>* <br><br>* |

Washington, D.C. 20530        *

and                    *

CHERRON D. BOSWELL, CRNP    *
4494 North Palmer Road
Bethesda, Maryland 20889        *

Defendants            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs Pamela Jones, Individually, and as Executor of the Estate of Thomas Jones ("Mr. Jones"), deceased, Madison Jones, Ken Jones, and Ruth Jones, by their attorneys, Paul D. Bekman, Aryeh M. Rabinowitz, and Bekman, Marder & Adkins, LLC, sue Defendants United States of America and Cherron D. Boswell, CRNP, for the following reasons:

### The Parties, Jurisdiction and Venue

1. This cause of action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, inasmuch as the claims arise out of the conduct of the employees, servants, and agents, actual and/or apparent, of Walter Reed National Military Medical Center ("Walter Reed") in Montgomery County, Maryland. Walter Reed is and was a government and military health care facility.

2. On March 10, 2021, a Statement of Claim (HCA No. 2021-120) alleging medical negligence, along with two Certificates of Qualified Expert and Report and an Election to Waive Arbitration, were filed with the Health Claims Alternative Dispute Resolution Office ("HCADRO"). *See* Statement of Claim, Certificate of Qualified Expert and Report, and Election to Waive Arbitration, attached as **Exhibit 1**.

3. HCADRO issued an Order of Transfer to the United States District Court for the District of Maryland on March 16, 2021. *See* Order of Transfer, attached as **Exhibit 2**.

2

4. Plaintiff Pamela Jones is the spouse of, and Executor of the Estate of, Thomas Jones. She is a citizen and resident of Virginia.

5. Plaintiff Madison Jones is the daughter of Mr. Jones. She is a citizen and resident of California.

6. Plaintiff Ken Jones is the father of Mr. Jones. He is a citizen and resident of North Carolina.

7. Plaintiff Ruth Jones is the mother of Mr. Jones. She is a citizen and resident of North Carolina.

8. The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. Jurisdiction is proper in the United States District Court for the District of Maryland, as this is a civil action to recover damages brought pursuant to the FTCA, 28 U.S.C. § 2671, *et seq.*, and pursuant to 28 U.S.C. § 1346(b). Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1402(b), which provides that an FTCA claim "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred," as well as 28 U.S.C. § 1391. The negligent acts and omissions at issue in this case occurred at Walter Reed National Military Medical Center in Montgomery County, Maryland.

10. The wrongful death medical malpractice giving rise to this claim occurred on or about March 14, 2019. Pursuant to 28 U.S.C. § 2401(b), Plaintiffs timely filed a claim with the Department of the Navy on April 29, 2020, within two years after the claim accrued, in the amount of Five Million Dollars ($5,000,000).

11. More than six months have passed since the claim was filed with the appropriate agency, the Department of the Navy, yet the agency has not made a final disposition of the claim.

Plaintiffs, therefore, deem the claim denied pursuant to 28 U.S.C. § 2675(a). Having now exhausted all administrative remedies, this claim is timely and properly filed.

12.     At all times set forth in this Complaint, Defendant United States of America, through the Department of the Navy, owned, managed, and operated Walter Reed, which was and is a military medical facility offering medical and other related services.

13.     In such capacity, Defendant United States of America, through the Department of the Navy and Walter Reed, held itself out to the public, including Mr. Jones, as a provider of broad range of medical services, including but not limited to the diagnosis and treatment of cardiac ischemia.

14.     Upon information and belief, Defendant Cherron D. Boswell, CRNP is a health care provider licensed by the District of Columbia. Upon information and belief, she practices medicine in Montgomery County, Maryland, and may practice medicine elsewhere.

15.     At all relevant times, Cherron D. Boswell, CRNP held herself out to the public, and to Mr. Jones, as an experienced, competent and able nurse practitioner, possessing and providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to that practice, and, as such, owed a duty to Mr. Jones to render that degree of care and treatment to him which is ordinarily rendered by those who devote special study and attention to the practice of this discipline.

16.     At all relevant times, all physicians, fellows, residents, nurse practitioners, nurses, and/or other individuals staffing Walter Reed, including, but not limited to, Cherron D. Boswell, CRNP, and others, were actual and/or apparent agents, servants, or employees of the United States of America, through the Department of the Navy and Walter Reed, and were, at all times, acting within the scope of their employment or agency.

**Factual Background**

17.    On March 14, 2019, Mr. Jones presented to Cherron Boswell, CRNP, at the Executive Health Clinic at Walter Reed National Military Medical Center, with complaints of nausea. Nurse Practitioner Boswell attributed his symptoms to reflux disease. She advised him to follow up if the symptoms increase in frequency or duration.

18.    Ten days later, on March 24, 2019, Mr. Jones sent an email to the clinic indicating that his symptoms, which he described as "pain just above the sternum and some nausea (actually threw up Saturday morning)," continued even with only mild exertion. He stated that bending over and activities such as walking on the treadmill or weeding the yard set off these episodes of pain and nausea. He also stated that until 3-4 weeks prior, he was routinely able to exercise and jog for about 40 minutes a day 2-3 times a week. Finally, he stated that he was available to come to the clinic for a consult.

19.    In response to the email, Martin Sanborn, from the Executive Health Clinic, a concierge practice at Walter Reed, contacted Mr. Jones to address his concerns. Mr. Sanborn and Mr. Jones agreed to wait for the following day to have Nurse Practitioner Boswell provide her recommendation.

20.    Nurse Practitioner Boswell diagnosed Mr. Jones the following day with GERD without esophagitis. Her note from the visit did not describe Mr. Jones's symptoms or a physical examination. She recommended labs and a CT scan of the abdomen and referred Mr. Jones to follow up with gastroenterology. Nurse Practitioner Boswell did not examine Mr. Jones, did not document concern for any other causes, and did not order a prompt work-up to rule out a cardiac etiology.

21.     Nurse Practitioner Boswell's incomplete assessment and failure to rule out a cardiovascular origin given Mr. Jones's family and personal medical histories and reports, leading to an improper plan of care, breached the standard of care. There is no documented evidence that Nurse Boswell obtained a history of his present illness, or reviewed prior records that documented his risk for atherosclerotic cardiovascular disease (ACVD) and that recommended repeating a lipid profile. She did not document a family history and instead concluded that his symptoms were consistent with reflux disease. She never considered any other possibilities.

22.     The symptoms reported by Mr. Jones in the weeks before his death were typical for cardiac ischemia. Exertional and positional pain was not consistent with epigastric burning or GERD. Cardiac ischemia should have been at the top of Nurse Practitioner Boswell's differential diagnosis on March 14, 2019, and on March 26, 2019. When Mr. Jones complained of exertional chest pain associated with nausea, he should have been referred to the emergency department to rule out a cardiac etiology. He also should have been referred for a prompt cardiac consultation. Mr. Jones's symptoms were most consistent with a coronary event. With this presentation, unstable angina must be the diagnosis until proven otherwise, and a diagnosis of exertional reflux should not have been made until coronary artery disease was properly excluded. Nurse Practitioner Boswell breached the standard of care by failing to consider the patient's description of the pain, the duration of the pain, activities that triggered symptoms, and other risk factors that would have led to concern for cardiovascular disease.

23.     Four days later, on March 30, 2019, Mr. Jones collapsed at home. Ms. Jones called emergency medical services. Mr. Jones was found to be in PEA (pulseless electrical activity) cardiac arrest. He was transported to Reston Hospital where resuscitative efforts were unsuccessful. Mr. Jones passed away that morning.

## COUNT I – SURVIVAL CLAIM – MEDICAL NEGLIGENCE
(All Defendants)

24.     Plaintiffs adopt and incorporate by reference herein all preceding paragraphs.

25.     During the course of their relationship, Nurse Practitioner Boswell, and others, were acting as the employees, actual agents, and/or apparent agents of the United States of America, through the Department of the Navy and Walter Reed, and were acting in the scope of their employment and/or agency. The United States of America, through the Department of the Navy and Walter Reed, are therefore vicariously liable for the conduct of these health care providers, as well as for the conduct of their other employee and agent health care providers.

26.     Defendants, by and through their agents and employees, mentioned in the preceding paragraphs, were negligent and careless and breached their duty of care to Mr. Jones in that they:

    a.    Failed to properly examine, assess, work up, document, and rule out a cardiovascular origin for Mr. Jones's symptoms and complaints given his family and personal medical histories and reports;

    b.    failed to appropriately consider the patient's description of the pain, the duration of the pain, activities that triggered symptoms, and other risk factors that would have led to concern for cardiovascular disease;

    c.    failed to appropriately collaborate with a supervising physician regarding Mr. Jones's symptoms and plan of care;

    d.    failed to promptly refer Mr. Jones to a supervising physician, to the emergency department, and/or for a cardiac consultation to rule out a cardiac etiology for his symptoms and complaints;

    e.    failed to correctly diagnose Mr. Jones's cardiac condition even with the clearly provided symptoms, complaints, and family and personal medical history; and

    f.    were otherwise negligent.

27.     As a proximate and direct result of the Defendants' negligence, Mr. Jones suffered

severe and permanent physical injuries and damages and irreparable harm, including cardiac ischemia, leading to his death. He was caused to incur medical bills, funeral expenses, loss of income and earnings, and other financial losses. Prior to his death, he experienced severe pain and suffering, mental anguish, inconvenience and discomfort, diminished enjoyment of life, and other damages.

28.    Proper and prompt evaluation by Nurse Practitioner Boswell and Walter Reed, would have, more likely than not, identified the cause of Mr. Jones's symptoms. And a cardiac work-up would have, more likely than not, identified a treatable condition and prevented Mr. Jones's untimely death. In sum, the lack of proper recognition, evaluation, diagnosis, and treatment of Mr. Jones's cardiac etiology by the United States of America, through the Department of the Navy, Walter Reed, and its agents, servants, and employees, including but not limited to Nurse Practitioner Cherron Boswell, was a direct and proximate cause of Mr. Jones's physical and emotional pain and suffering, and ultimately his untimely death.

29.    All the losses, damages, and injuries sustained by Mr. Jones, including his death, were directly and proximately caused by the negligence of Defendants, without any negligence on the part of Mr. Jones contributing thereto.

WHEREFORE, Plaintiff Pamela Jones, as Personal Representative of the Estate of Thomas Jones, deceased, claims damages against Defendants in the amount of Five Million Dollars ($5,000,000), together with all costs.

## COUNT II – WRONGFUL DEATH CLAIM
(Pamela Jones)

30.    Plaintiffs adopt and incorporate by reference herein all preceding paragraphs.

31.    As a result of the negligence of Defendants and the wrongful death of the Decedent, Mr. Jones, Pamela Jones, surviving spouse of Mr. Jones, suffered severe mental anguish, emotional

pain and suffering, and the loss of the society, companionship, comfort, protection, care, attention, advice, counsel, training, guidance, and education that the Decedent, Mr. Jones, could have, and would have, afforded and rendered had he continued to live.

32.     By reasons of the actions of Defendants, which culminated in the death of the Decedent, Mr. Jones, a cause of action has accrued in accordance with Md. Code Ann., Cts. & Jud. Proc. § 3-901, *et seq.* to Pamela Jones, the surviving spouse of the Decedent, Mr. Jones, for compensation to her for all the damages, injuries and losses, which she sustained and which were caused by the actions of Defendants as previously set forth.

33.     All the losses, damages, and injuries sustained by Mr. Jones, including his death, were directly and proximately caused by the negligence of Defendants, without any negligence on the part of Mr. Jones contributing thereto.

WHEREFORE, Plaintiff Pamela Jones, as the surviving spouse of Thomas Jones, deceased, claims damages against Defendants in the amount of Five Million Dollars ($5,000,000), together with all costs.

## COUNT III – WRONGFUL DEATH CLAIM
(Madison Jones)

34.     Plaintiffs adopt and incorporate by reference herein all preceding paragraphs.

35.     As a result of the negligence of Defendants and the wrongful death of the Decedent, Mr. Jones, Madison Jones, surviving daughter of Mr. Jones, suffered severe mental anguish, emotional pain and suffering, and the loss of the society, companionship, comfort, protection, care, attention, advice, counsel, training, guidance, and education that the Decedent, Mr. Jones, could have, and would have, afforded and rendered had he continued to live.

36.     By reasons of the actions of Defendants, which culminated in the death of the Decedent, Mr. Jones, a cause of action has accrued in accordance with Md. Code Ann., Cts. & Jud.

Proc. § 3-901, *et seq.* to Madison Jones, surviving daughter of Mr. Jones, for compensation to her for all the damages, injuries and losses, which she sustained, and which were caused by the actions of Defendants as previously set forth.

37.     All the losses, damages, and injuries sustained by Mr. Jones, including his death, were directly and proximately caused by the negligence of Defendants, without any negligence on the part of Mr. Jones contributing thereto.

WHEREFORE, Plaintiff Madison Jones, as the surviving daughter of Thomas Jones, deceased, claims damages against Defendants in the amount of Five Million Dollars ($5,000,000), together with all costs.

## COUNT IV – WRONGFUL DEATH CLAIM
(Ken Jones)

38.     Plaintiffs adopt and incorporate by reference herein all preceding paragraphs.

39.     As a result of the negligence of Defendants and the wrongful death of the Decedent, Mr. Jones, Ken Jones, surviving father of Mr. Jones, suffered severe mental anguish, emotional pain and suffering, and the loss of the society, companionship, comfort, protection, care, attention, advice, counsel, training, guidance, and education that the Decedent, Mr. Jones, could have, and would have, afforded and rendered had he continued to live.

40.     By reasons of the actions of Defendants, which culminated in the death of the Decedent, Mr. Jones, a cause of action has accrued in accordance with Md. Code Ann., Cts. & Jud. Proc. § 3-901, *et seq.* to Ken Jones, surviving father of Mr. Jones, for compensation to him for all the damages, injuries and losses, which he sustained, and which were caused by the actions of the Defendants as previously set forth.

41.     All the losses, damages, and injuries sustained by Mr. Jones, including his death, were directly and proximately caused by the negligence of Defendants, without any negligence on the part of Mr. Jones contributing thereto.

WHEREFORE, Plaintiff Ken Jones, as the surviving father of Thomas Jones, deceased, claims damages against Defendants in the amount of Five Million Dollars ($5,000,000), together with all costs.

## COUNT V – WRONGFUL DEATH CLAIM
### (Ruth Jones)

42.     Plaintiffs adopt and incorporate by reference herein all preceding paragraphs.

43.     As a result of the negligence of Defendants and the wrongful death of the Decedent, Mr. Jones, Ruth Jones, surviving mother of Mr. Jones, suffered severe mental anguish, emotional pain and suffering, and the loss of the society, companionship, comfort, protection, care, attention, advice, counsel, training, guidance, and education that the Decedent, Mr. Jones, could have, and would have, afforded and rendered had he continued to live.

44.     By reasons of the actions of Defendants, which culminated in the death of the Decedent, Mr. Jones, a cause of action has accrued in accordance with Md. Code Ann., Cts. & Jud. Proc. § 3-901, *et seq.* to Ruth Jones, surviving mother of Mr. Jones, for compensation to her for all the damages, injuries and losses, which she sustained, and which were caused by the actions of the Defendants as previously set forth.

45.     All the losses, damages, and injuries sustained by Mr. Jones, including his death, were directly and proximately caused by the negligence of Defendants, without any negligence on the part of Mr. Jones contributing thereto.

WHEREFORE, Plaintiff Ruth Jones, as the surviving mother of Thomas Jones, deceased, claims damages against Defendants in the amount of Five Million Dollars ($5,000,000), together with all costs.

PAUL D. BEKMAN (Fed Bar No. 00019)
bekman@bmalawfirm.com
ARYEH M. RABINOWITZ (Fed Bar No. 20225)
rabinowitz@bmalawfirm.com
BEKMAN, MARDER & ADKINS, LLC
300 W. Pratt Street, Suite 450
Baltimore MD 21201
410-539-6633

***Attorneys for Plaintiffs***